**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOREEN WILSON,** | : | **Civil Action No.** |
| **1822 W Highland Street** | : | |
| **Allentown, PA 18104** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **PHOEBE MINISTRIES d/b/a** | : | |
| **PHOEBE ALLENTOWN** | : | |
| **1925 W Turner Street** | : | |
| **Allentown, PA 18104** | : | |
| | : | |
| **1922 Turner Street** | : | |
| **Allentown, PA 18104** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Doreen Wilson (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Phoebe Ministries d/b/a Phoebe Allentown (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff was born on February 6, 1961.

3. Plaintiff is an adult individual residing at the above captioned address.

4. Upon information and belief, Phoebe Ministries d/b/a Phoebe Allentown is a nursing home with a location at 1925 W Turner Street, Allentown, PA 18104 and with a corporate headquarters located at 1922 Turner Street, Allentown, PA 18104.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

7. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

8. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

10. The Court may also maintain supplemental jurisdiction over state law claims set forth

herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

13. Plaintiff exhausted her administrative remedies under the ADEA and the PHRA.

14. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

15. The Complaint was assigned a Charge Number of 530-2020-03917 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 25, 2020.  Plaintiff received the notice by mail.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. In or around February 1996, Defendant hired Plaintiff as a Certified Nurse Assistant ("CNA").

22. Plaintiff was well qualified for her position and performed well.

23. On February 7, 2020, Plaintiff was attempting to change a resident who has dementia.

24. The resident was defiant and refused to allow Plaintiff to change him by kicking her.

25. Plaintiff left the resident and reported the resident's refusal to permit her to change him to Justin LNU, Licensed Practical Nurse ("LPN").

26. Justin told Plaintiff that it was fine and to leave the resident.

27. Towards the end of Plaintiff's shift, Plaintiff informed Natalie Coke and Capri Wilder, CNAs, who had just begun their shift that the resident refused to be changed and voiced her concern that the resident remained in soiled garments.

28. Ms. Coke and Ms. Wilder went to change the resident with additional staff members.

29. Plaintiff was nearby and watched as the staff attempted to change the resident.

30. This time the resident attempted to bite Ms. Coke, who tapped the resident's arm and told him "No!"

31. Throughout this entire time, the resident and the staff were joking with each other.

32. When the resident stood up, he was unsteady.

33. Plaintiff heard Ms. Wilder say, "He's going to fall!"

34. Plaintiff was concerned that the resident would fall and injury himself and ran over to assist.

35. Under the director of Ginger Outlaw, LPN, Plaintiff helped lower the resident to the ground.

36. After the resident was calm, Katie LNU, LPN, reported Ms. Coke tapping the resident's arm to Debbie Rose, Nursing Supervisor.

37. Plaintiff then proceeded to report the incident to Ms. Rose in person.

38. After Plaintiff spoke with Ms. Rose, she left Defendant's premises, as it was the end of her work shift.

39. Plaintiff did not hear anything further from Defendant about this resident's refusal to be changed until February 10, 2020.

40. Then, on February 10, 2020, Ms. Rose informed Plaintiff that she was suspended pending investigation.

41. The following day, on February 11, 2020, Susan Schlener, Executive Director, called Plaintiff and terminated her for alleged abuse and for allegedly not reporting the incident involving the resident on February 7, 2020.

42. Plaintiff had not engaged in any abuse and she had reported the incident during and after her shift.

43. Prior to Plaintiff's termination, she had no performance issues during her twenty-four (24) years of employment with Defendant.

44. In or around 2017, Plaintiff began to notice that Defendant was terminating CNAs in their 50's and 60's, including, but not limited to, Doreen Hussett (early 60's) and Joan Yocum (late 50's) for minor issues and replacing them with CNAs in their 20's and 30's.

45. It is Plaintiff's position that she was terminated because of her age in violation of the ADEA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. Plaintiff was born on February 6, 1961.

48. Plaintiff was qualified to perform the job.

49. Defendant treated younger employees more favorably than Plaintiff.

50. No legitimate, non-discriminatory reasons exist for the above cited adverse employment
actions that Plaintiff suffered.

51. The reasons cited by Defendant for the adverse employment actions that Plaintiff
suffered are pretext for discrimination.

52. Defendant terminated Plaintiff.

53. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as
set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this
Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff was born on February 6, 1961.

56. Plaintiff was qualified to perform the job.

57. Defendant treated younger employees more favorably than Plaintiff.

58. No legitimate, non-discriminatory reasons exist for the above cited adverse employment
actions that Plaintiff suffered.

59. The reasons cited by Defendant for the adverse employment actions that Plaintiff

suffered are pretext for discrimination.

60. Defendant terminated Plaintiff.

61. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as

set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this

Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Doreen Wilson, requests that the Court grant her the following

relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in,  training  programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation

from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: October 22, 2020        By:   */s/ David M. Koller*
David M. Koller, Esquire (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*